PROVO STY, J.
Real estate situated in New Orleans having been offered for sale at public auction in New Orleans by virtue of an order made by the district court of the parish of Rapides in the matter of the succession of H. W. S. Lund, in course of administration in said court, and the defendants Baccich and De Montluzin, residents of New Orleans, having become the adjudicatees, and having refused to adcept title, the present proceeding was instituted against them in said court.
It is a rule to show cause why they should not be ordered to accept title, and be condemned to pay the price of said adjudication ; or, in case of their failure to do so within five days from rendition of judgment, why said property should not be sold a la folie enchére.
They pleaded to the jurisdiction of the Rapides court, ratione personte. The rule is that a party can be sued only at his domicile. C. P. 162. To that rule there are exceptions; and the plaintiff in rule contends that this case falls within the exceptions stated in article 164, O. P., as follows:
“In matters relative to successions, the defendants, though domiciliated elsewhere, must be cited to appear before the court of the place where the succession has been opened.
“1. In all suits brought by the heirs against each other, until after partition inclusively.
“2. In all suits brought by the creditors of the deceased previous to the partition.
“3. In all suits relative to the execution of testamentary dispositions until the final settlement of the affairs of the estate has been effected.
“4. When a partition of a succession has been or may be made belonging to one or several heirs, who are present or represented therein, all the real and personal actions, or others which are relative to said succession, shall be brought against the said heirs before the court where the said succession is opened.”
The present case, manifestly, does not come within either the letter or the spirit of any one of these exceptions. It remains therefore under the rule.
In the ease of Succession of Carraby, 3 Rob. 349, the syllabus reads:
“Where a stranger to a succession withholds the price of property purchased at a sale of its effects, an action for the amount can be brought only before a court of ordinary jurisdiction.”
The judgment appealed from is therefore set aside, the plea to the jurisdiction is sustained, and the rule of plaintiff is dismissed, with costs in both courts.